MICHAEL A. EMMA, RELATOR, v. LOGGIA FASCI ITALICI
NO. 16 ORDER SONS OF ITALY IN ·AMERICA ET AL.,
RESPONDENTS.

Submitted April 12, 1928—Decided April 30, 1928.

Before Justices TRENCHARD and KATZENBACH.

For the motion, *Anthony R. Finelli.*

*Contra, Charles C. Ciffoniello.*

PER CURIAM.

This is a motion to quash an alternative writ of *mandamus.*
On May 3d, 1927, argument was had upon a rule to show
cause why a writ of *mandamus* should not issue in the above
case. On November 11th, 1927, this court decided that upon
the facts presented by the relator an alternative writ of *man-
damus* should be allowed. It now appears that counsel for
the relator failed to enter in the minutes of the court within
ten days after said decision a rule to the effect that an alter-
native writ of *mandamus* had been granted. The entering
of such a rule is the practice prescribed in the case of *Jersey
City* v. *Davis,* 80 *N. J. L.* 609. This case was decided· on
June 30th, 1910. The decision of the court in this respect
was based on rule 40 of the rules of this court as they then
existed. The same rule is now known as rule 214. On
March 15h, 1928, an alternative writ of *mandamus* was issued

out of this court. An application was then made before the Chief Justice on March 31st, 1928, to quash the writ upon the ground mentioned. He referred the matter to part 3 of the Supreme Court. Part 3, believing that the court which heard the rule to show cause why a writ of *mandamus* should not be issued, should determine the question herein involved, requested part 2 to dispose of the motion, which was submitted on briefs.

Assuming that rule 214 of the rules of this court required the entering in the minutes of the court of a rule to the effect that an alternative writ of *mandamus* had been directed by the court to issue in the above case within ten days from the filing of the opinion of this court, which was on November 25th, 1927, we are of the opinion that the motion to quash should be denied. Rule 5 of the Practice act of 1912, which was enacted after the decision of the case of *Jersey City* v. *Davis, supra,* and which is now embodied in the rules of this court and known as rule 218, provides as follows:

"218. Rules May be Suspended. These rules shall be considered as general rules for the government of the court and the conducting of causes; and as the design of them is to facilitate business and advance justice, they may be relaxed or dispensed with by the court in any case where it shall be manifest to the court that a strict adherence to them will work surprise or injustice."

We feel that the advancement of justice requires that the relator in the present case should have an opportunity to present his case under the alternative writ of *mandamus* allowed. The counsel of the relator has permission to enter a rule *nunc pro tunc* in the minutes of this court with reference to the allowance of the alternative writ of *mandamus* under the decision of this court filed November 25th, 1927. The case of *Singer* v. *Juechter,* 2 *N. J. Mis. R.* 714, supports the ruling which we make in the present case, although the facts in that case are slightly different from those which exist in the present case. In that case the oversight was the fault of a clerk. In the present case the failure to enter the rule was an inadvertence of counsel. No costs are allowed on this motion.